JOSEPH R. WERT v. LEMAN K. STROUSE.

1. In actions of *tort*, it is usual and proper to endorse the judges' order for bail on the *capias*.
2. The affidavits need not be actually filed before the writ is issued, and arrest made, in actions of *tort*. *Aliter* in actions on contract.

Wert v. Strouse.

3. In actions for seduction, it is sufficient for the affidavits to show a cause of action, without a special cause for ordering bail.
4. Where a daughter is over the age of twenty-one years, if she still lives in her father's house, and is in a position where he enjoys and can command her services, he may maintain the action.
5. Where the order on the writ is endorsed before the *teste*, by obvious mistake of the month, the court will give the plaintiff the benefit by the statute of amendments by overlooking the exception.

On motion to discharge the defendant from arrest upon filing common bail.

Argued at June Term, 1875, before Justices SCUDDER, KNAPP and DIXON.

For the defendant, *J. G. Shipman.*

For the plaintiff, *C. A. Skillman.*

The opinion of the court was delivered by

SCUDDER, J.   The plaintiff brought an action of trespass on the case for the seduction of his daughter.   The defendant was arrested by *capias ad respondendum*, March 11th, 1875, and gave bond for his appearance.   Before filing special bail upon the return of the writ, motion is made in his behalf to quash the writ of *capias*, or to discharge the defendant on filing common bail.

It is objected that the order for arrest was endorsed upon the *capias*, and was not separate from the writ.   The idea that this was wrong, comes from the practice in actions founded on contract, where the judges' order is distinct from the writ.   But the order for arrest and fixing the amount of bail in actions for *tort* has always been endorsed on the *capias* in the practice of our state.   This is so well understood that I can recall no case in our reports where the objection has been made.   But in *Carter* v. *Drake*, 10 *Wend.* 619, an action brought for seduction, the practice is correctly given as followed in our courts.   The court there say, that it is usual

and proper to endorse the order to hold to bail on the *capias;* but it is not indispensable that it should be so endorsed. It may be on a separate paper, and provided the authority exists, and is in the possession of the officer, or under his control, the defendant is properly held to bail, whether it be endorsed on the writ or not.

In the present case there was an endorsement on the *capias,* signed by the judge, ordering the defendant to be held to bail in a certain sum. This is correct practice.

It is further urged, that the affidavits were filed March 23d, 1875, which time was after bail was required by the order of the court, and after the arrest was made. It is insisted that in all cases the affidavits must be actually filed before the *capias* can issue.

The affidavits were made March 9th, 1875, which was before the order was signed, or the writ issued. They were doubtless presented to the judge, and there was some delay in filing; but they were afterwards filed long before the writ was returnable. It is the better practice to file the affidavits upon which the order is made, promptly after they have been submitted to the judge or commissioner, but the delay of a few days, as in this case, is not fatal to the writ in actions founded on *tort.*

In actions upon contract, the affidavits and the judges' order for bail must both be filed before the *capias* is issued. *Nix. Dig.* \*330, § 1.

The defendant's counsel in stating this objection, relied on section 55 of practice act in *Rev.,* 1874, *p.* 605. This is a re-enactment in part of an old statute of February 2d, 1799, by adding to section 1 of that statute, section 4 as a proviso, in one section. *Nix. Dig.* \*651. These two sections, as they stood in the original act, related to two different kinds of action. The first section applied to bailable actions only; the fourth section included non-bailable actions. Section 1 contained the requirement that an affidavit should first be made and filed of the cause of such action. The prior making and filing of the affidavit were the foundation of the

plaintiff's authority to issue a *capias* in bailable actions, without a judge's order. But the proviso in section 4 made the courts' or judge's order the base of the authority to issue the writ for arrest in non-bailable actions, and for such sum as the court or judge, under the circumstances of the case, should think proper to direct. In the first case, the plaintiff could make oath of a sum certain as his due, and required no judge's order to fix the amount; but in the latter case the amount being unliquidated, the court or judge must determine for what sum the defendant shall be held to bail. The plaintiff was not allowed to fix his own measure of damages.

Since the act of March 9th, 1842, respecting imprisonment for debt in case of fraud, a judge's or commissioner's order to hold to bail is essential both in what were formerly bailable, and in non-bailable actions. No one can now be arrested in any civil action, either upon contract or in tort, without such officer's order, and such order must be made on proof; but the affidavit upon which the order is based need not be filed prior to the issuing of the *capias*, unless the statute so directs, which is done in all actions founded on contract.

Actions for *torts* are within the proviso at the end of section 55, as it stands in the revision of 1874. Any court or judge may order, as theretofore, that is, upon the presentation of proper affidavits to establish the facts upon which the application for arrest is made, that the defendant be held to special bail, in such sum as the said court or judge, under the circumstances of the case, shall think proper to direct, which sum shall be endorsed on the process. There is no statutory requirement here that the affidavit shall be first filed.

In *Chitty's Arch. Practice* (12 *ed.*, 1866,) 763, 764, where practical directions are given for obtaining a judge's order for arrest in the Court of Queen's Bench, it is said that the affidavits are left with the judge's clerk. If he should fail to file them before the *capias* is sued out, it would not be the plaintiff's fault, and there is no intimation given that the writ would be a nullity. The writ is issued upon the judge's

order, and that depends on the affidavit which is produced to him.

It is further contended by the defendant, that the affidavit upon which the arrest was made is insufficient in substance to hold to bail. It is alleged that it shows no special cause for arrest. The general rule is well settled that in actions for tort, to warrant an order for bail, the affidavit must not only disclose a good cause of action, but some special cause for ordering bail. *Benson* ads. *Bennett,* 1 *Dutcher* 166.

The exceptions to this rule cited in the above case, are where there has been an outrageous battery, or mayhem, and actions for seduction. A severe rule has been applied to actions for seduction by the supplement to our insolvent debtors' act, approved March 30th, 1865, (*Nix. Dig.* 417) by which persons arrested or in confinement for such cause cannot be discharged by the same proceedings as other defendants. This indicates the just sentiment and practice of our law towards the seducer. He finds small favor in our courts from the time proceedings are commenced until they are ended against him. The act is properly classed with outrageous battery and mayhem, and needs no special circumstances to make it more injurious to the plaintiff before an arrest is ordered. But if such were required, they appear in the affidavits made in this case. It is stated therein that the defendant has left the place where he lived, and the employment he had there; and that he has sold and conveyed the house owned and occupied by him, and removed to a distant county. These are sufficient to justify the plaintiff's complaint that he will be in danger of losing his remedy if the action is commenced by summons. But these facts are unnecessary, as he is directly and particularly charged with the seduction of the plaintiff's daughter.

It also sufficiently appears that although the daughter was over the age of twenty-one years she still lived in her father's house, and was in a position where he enjoyed and could command her services in his family. This fulfils the technical requirement, that she should render some service in her

father's family to entitle her to the action. *Sutton* v. *Hoffman*, 3 *Vroom* 58.

The order endorsed on the *capias* is dated *February* 10th, 1875, while the writ was tested March 10th, 1875, and the arrest was made March 11th. This is manifestly a mere clerical error and oversight. It is amendable, and may be considered as amended to March 10th, 1875, without actual amendment, as the court will give the plaintiff the benefit of the statute by overlooking the exception. 2 *Ch. Arch. Pr.* 1561.

The motion to quash the writ, or discharge the defendant on common bail, is refused.